**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
Martinsburg**

**RITA ECKERT**, formerly known
as Rita Sims, formerly known as
Rita Hofe,

        Plaintiff,

    v.                                              Civil Action No. 3:08-CV-139
                                                    Judge Bailey

**FIA CARD SERVICES**, also known as
BANK OF AMERICA, **DISCOVER
BANK, NA**, and **NATIONAL CITY
MORTGAGE CO.**,

        Defendants.

**ORDER GRANTING NATIONAL CITY MORTGAGE
CO.'S MOTION FOR SUMMARY JUDGMENT ON
<u>COUNTS III AND IV OF THE AMENDED COMPLAINT</u>**

Pending before this Court is National City Mortgage Co.'s Motion for Summary Judgment on Counts III and IV of the Amended Complaint (Doc. 80). The Motion was filed on July 8, 2009, and the plaintiff has filed no response to the Motion.

This is an action for alleged violations of the West Virginia Consumer Credit Protection Act, ***West Virginia Code*** § 46A-2-125. The plaintiff filed this action on September 5, 2008, against FIA Card Services, Discover Bank, NA, National City Mortgage Co., and Citibank (South Dakota), N.A.[1] With respect to National City Mortgage ("National"), the Amended Complaint (Doc. 65) asserts (1) that National made collection

---

[1] Citibank (South Dakota), N.A. was voluntarily dismissed by the plaintiff.

1

calls to the plaintiff after having been notified that the plaintiff was represented by counsel in violation of **West Virginia Code** § 46A-2-128(e); (2) that National violated **West Virginia Code** § 46A-2-125(d); (3) that National committed the tort of intentional infliction of emotional distress; (4) that National committed the tort of outrage; and (5) that National is guilty of criminal conduct[2].

In its Motion, National contends that it is entitled to summary judgment on Counts III and IV of the Amended Complaint due to the fact that the plaintiff has disavowed any emotional distress or that she is seeking damages for emotional distress.

The claims for intentional infliction of emotional distress and the tort of outrage are duplicative. The tort of intentional infliction of emotional distress and the tort of outrage are simply different names for the same tort. In **Travis v. Alcon Laboratories, Inc.**, 202 W.Va. 369, 375, 504 S.E.2d 419, 425 (1998), the West Virginia Supreme Court of Appeals noted that the "[i]ntentional or reckless infliction of emotional distress, also called the 'tort of outrage,' is recognized in West Virginia as a separate cause of action." *Accord,* **Philyaw v. Eastern Assoc. Coal Corp.** 219 W.Va. 252, 257, 633 S.E.2d 8, 14, n. 7. *See also,* **Harless v. CSX Hotels, Inc.**, 265 F.Supp.2d 640, 651 (S.D. W.Va. 2003) (Court considers counts for "outrageous conduct" and "intentional infliction of emotional distress together because they are used interchangeably under West Virginia law, citing **Travis**).

"'In order for a plaintiff to prevail on a claim for intentional or reckless infliction of

---

[2] This claim presents a novel issue, in that it asserts that National's actions were criminal in nature and that National could be held criminally responsible. Inasmuch as this is a civil action, this claim appears to fail to state a claim upon which relief could be granted to the plaintiff. This claim will be *sua sponte* dismissed by this Court.

emotional distress, four elements must be established. It must be shown: (1) that the defendant's conduct was atrocious, intolerable, and so extreme and outrageous as to exceed the bounds of decency; (2) that the defendant acted with the intent to inflict emotional distress, or acted recklessly when it was certain or substantially certain emotional distress would result from his conduct; (3) that the actions of the defendant caused the plaintiff to suffer emotional distress; and (4) that the emotional distress suffered by the plaintiff was so severe that no reasonable person could be expected to endure it.' Syl. pt. 3, ***Travis v. Alcon Laboratories***, 202 W.Va. 369, 504 S.E.2d 419 (1998)." Syl. Pt. 2, ***Philyaw v. Eastern Assoc. Coal Co.***, 219 W.Va. 252, 633 S.E.2d 8 (2006).

In National City Mortgage Company's First Set of Interrogatories, attached to Doc. 80 as Exhibit A, the plaintiff was asked the following:

> 17. If you claim damages for emotional distress or mental anguish, provide a full and complete description of the nature and symptoms of the distress or anguish; the extent and duration of the distress or anguish; and how and when the distress or anguish manifested itself.
>
> 18. If you have undergone or received any treatment for emotional distress or mental anguish since June, 2008, state the nature and extent of any such treatment; the dates of any such treatment; the location or place of any such treatment; and the names and addressed of any doctor, counselor or hospital involved in any such treatment.

In her responses to the above questions, attached to Doc. 80 as Exhibit C, the plaintiff answered both of the above questions "None."

Given her discovery responses, the plaintiff is unable to satisfy the requisite elements to sustain a claim for intentional infliction of emotional distress. Accordingly, the Motion will be granted.

For the reasons stated above, National City Mortgage Co.'s Motion for Summary Judgment on Counts III and IV of the Amended Complaint **(Doc. 80)** is **GRANTED**. Counts III and IV of plaintiff's Amended Complaint are **DISMISSED**. In addition this Court will *sua sponte* **DISMISS** Count V of plaintiff's Amended Complaint.

It is so **ORDERED**.

The Clerk is directed to transmit copies of this Order to all counsel of record herein.

**DATED:** July 29, 2009.

JOHN PRESTON BAILEY
UNITED STATES DISTRICT JUDGE